EASTERN DIST.
January, 1832.

LAFFERRANDE-
RIE
vs.
THE MAYOR
ET ALS.

LAFFERRANDERIE vs. THE MAYOR ET ALS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The corporation of New-Orleans is deprived of the power to lay taxes on property either real or personal, owned and held out of the limits of the incorporated part of the city and fauxbourgs, although within the general limits as defined by the act of incorporation of 1805.

When the corporation sells the right to receive a tax which has been illegally imposed, and cannot be collected, it is responsible in damages.

Carts which a man uses for his own purposes in hauling water for sale, are not vehicles for hire.

The plaintiff alleged that he purchased from the corporation the right to receive the revenue arising from the tax imposed on carriages, carts, drays and other vehicles used for hire, within the limits of the city of New-Orleans. That private carriages and water carts (in the now incorporated fauxbourgs) were at the time considered as embraced by the ordinance imposing the tax. But that the City Court, and afterwards the Parish Court had decided that neither was embraced. Wherefore the present suit was brought to recover the amount of loss and damage sustained.

The answer contained the following admissions : 1. That the plaintiff did purchase the right to receive the tax imposed on the carriages and carts mentioned in the petition. 2. That some owners of carts used in hauling water to sell throughout the city of New-Orleans, and of carriages used for pleasure in that part of the city which is not included in the city of New-Orleans properly called, and its incorporated fauxbourgs, had refused to pay the tax, but which respondents averred they had a right to impose ; and were not bound by the decisions of the City and Parish Court.

There was judgment for the defendants in the Court below, from which the plaintiff appealed.

Kelly and Grailhe, for appellant.

1. The corporation have admitted in their answer the fact of having imposed a tax on private carriages and water carts

running outside of the incorporated parts of the city; and also on water carts running within the incorporated parts of the same, and they have admitted they sold to plaintiff the right of collecting it.

EASTERN DIST.
January, 1832.

LAFFERRANDE-
RIE
vs.
THE MAYOR
ET ALS.

2. The corporation had not the right of imposing any kind of tax on property of any nature situated outside of the incorporated parts of the city. 2 *Moreau's Digest, p.* 122. *Law of* 1813, § 1.

3. Part of the thing sold to plaintiff was not in existence.

*Moreau* and *Soulé*, for appellees.

*Mathews, J.* delivered the opinion of the court.

In this case the petitioner alleges that he was a farmer of the revenue accruing to the city of New-Orleans for the whole of the year 1830, on account of taxes levied on carriages, gigs, hackney coaches, carts, drays, timber carriages and all other carriages used for hire, and also on individual pleasure carriages to be used within the limits of said city. That he purchased the right to receive this revenue for the price of eleven thousand seven hundred dollars, which have been regularly paid to the corporation at the periods at which the money became due according to contract. He alleges further, that he has been greatly injured by said contract, in consequence of the corporation having sold to him revenues, the benefit of which he was unable to enjoy in two particulars : 1st. The tax on private carriages and gigs in that part of the city of New-Orleans which is not included in the incorporated part of said city and fauxbourgs. 2d. That on carts used in hauling water to sell through the city by the owners of said carts, although *included in his contract*, and notwithstanding he took all legal steps in his power to enforce the payment of these taxes by pursuing some of the owners up to the highest court of the state which had cognizance of the same, which he believed himself entitled to claim from each individual owner of this description of carriages. And he now claims in damages from the corporation the amount which he alleges that he has lost in consequence

## 248                          CASES IN THE SUPREME COURT

EASTERN DIST.
January, 1832.
LAFFERRANDE-
RIE
vs.
THE MAYOR
ET ALS.

of the corporation having no legal power to impose taxes on the carriages and carts, on which he was unable to collect the taxes actually imposed.

To this claim an answer was filed by the counsel for the corporation, which commences by a general denial, but concludes by the admission of certain facts. These are, 1st. That on the seventh of December, 1829, the petitioner did purchase from the corporation of this city, the right to receive the taxes imposed on the carriages and carts *mentioned in the petition.* 2. That some owners of the carts used in hauling water to sell throughout the city of New-Orleans, and of carriages used for pleasure in that part of the city which is not included in the city of New-Orleans, properly so called, and its incorporated suburbs, have refused to pay a tax on said carts and carriages, &c.

On these pleadings, the evidence received, and the law adduced, the parties went to trial, and the court below having rendered a judgment in favor of the corporation, the plaintiff appealed.

The answer clearly admits, that a tax was imposed and sold by the corporation on private carriages owned and used by persons residing out of the limits of the incorporated part of the city and suburbs. The admission in relation to carts used for hauling water, is not so explicit, the petition not containing any certain or definite allegation as to the residence of the proprietors of these vehicles.

The right granted to the corporation to impose taxes on real and personal property within the limits of the city, as established by the act of incorporation of 1805, has been restricted by an act of the legislature, passed in 1813, and the section of this act making the limitation, received an explanation by an act of 1830. See 3*d Mar. Digest, pages 204 and 226, and the acts of* 1830, *page* 114. It is evident from these laws, that the corporation is deprived of the power to lay taxes on property, either real or personal, owned and held out of the limits of the incorporated part of the city and fauxbourgs, although within the general limits as defined by the act of incorporation of 1805. If the corporation did

*The corporation of New-Orleans is deprived of the power to lay taxes on property, either real or personal, owned and held out of the limits of the incorporated part of the city and fauxbourgs, although within the general limits as defined by the act of incorporation of 1805.*

*When the corporation sells the right to receive a tax which has been illegally imposed, and cannot be collected, it is responsible in damages*

impose taxes on private carriages and carts used for hauling <span style="float:right">EASTERN DIST.</span>
water belonging to persons residing out of the limits of the *January*, 1832.
city and suburbs, actually incorporated, and used only for their LAFFERRANDERIE
private purposes, and these taxes were sold to the plaintiff, as *vs.* THE MAYOR
alleged in his petition ; then he was deceived in the contract ET ALS.
which he made, and this deception was caused by the illegal
imposition of the taxes enumerated in said contract, and the
corporation is responsible to him in damages to the amount of
revenue which he was unable to collect, in consequence of the
illegalities of the taxes imposed and sold.    As to the private
carriages on which the loss of taxes is alleged, there can be
no doubt : for the answer taken in reference to the allega-
tions of the petition, shows clearly that these carriages were
taxed as the property of persons residing out of the limits
within which the corporation has by their constitution a right
to lay taxes; and that the taxes thus illegally imposed, con-
stituted a part of the consideration for which the farmer of
the revenue paid the sum of eleven thousand seven hundred
dollars.

The contract by which the plaintiff purchased the right to
collect for his own benefit, the taxes designated in the petition,
was made in reference to the ordinance of the city corpora-
tion, by which they were imposed, and it must be presumed,
that he contracted for none except such as were actually
imposed by that ordinance, and cannot be supposed, that taxes
not imposed, entered into the consideration of either of the
contracting parties.    *The 18th art. of the ordinance*, relied on
by the parties to this suit, imposes a certain tax on carts, drays,
timber carriages, and other vehicles for hire.    But a cart
which a man uses for his own purposes in hauling water for <span style="float:right">Carts which a man uses for his</span>
sale, is not a vehicle for hire, and therefore, *en vi terminorum* own purposes in
carts of this description were not taxed by this article of the hauling water for sale, is not a
ordinance, and therefore, no taxes on them were or could have vehicle for hire.
been legally sold to the purchaser, and if they were contem-
plated in the contract, it was an error common to both parties,
and for which neither should be made responsible in damages.
But a tax was established on private carriages, by the
ordinance, and on some out of the incorporated limits of the
32

EASTERN DIST.
January, 1832.

city, which was illegal and turned out to be injurious to the plaintiff who bought the right to collect that tax, &c. It is true, as appears by the testimony of the cause, that taxes were collected from the owners of carts used to carry water, for two quarters of the year, for which the revenue was purchased by the plaintiff, this circumstance, however, affords no proof that these taxes were either imposed or sold.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that judgment be here rendered in favor of the plaintiff and appellant, for the sum of one thousand eight hundred and forty-six dollars, with costs in both courts.